142 F.3d 446
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Samuel GUTIERREZ-ARMENTA, Defendant-Appellant.
 No. 97-10310.
D.C. No. CR-96-00855-FRZ.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998.**
Decided April 24, 1998.
 
 Appeal from the United States District Court for the District of Arizona, Frank R. Zapata, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 ORDER*
 
 
 2
 Samuel Gutierrez-Armenta interlocutorily appeals the district court's denial of his motion to dismiss on double jeopardy grounds an indictment charging him with illegal reentry into the United States following deportation for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). We dismiss for lack of jurisdiction.
 
 
 3
 Under the "collateral order exception," this court has jurisdiction to consider interlocutory appeals of double jeopardy claims. See Abney v. United States, 431 U.S. 651, 662, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). This is not such a claim.
 
 
 4
 Gutierrez-Armenta contends that his prior deportation proceeding subjected him to double jeopardy and that it cannot, therefore, be used to prove an element of the crime with which he is charged in this case--reentering the United States after having been deported for the commission of an aggravated felony. However, he does not claim that this trial subjects him to double jeopardy, except in the derivative fashion that his deportation subjected him to double jeopardy and that this trial depends on the lawfulness of his deportation. While Gutierrez-Armenta might have a right to challenge the lawfulness of his deportation proceeding in an appeal arising from a conviction in this case, see United States v. Mendoza-Lopez, 481 U.S. 828, 839, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987), nothing in Mendoza-Lopez authorizes us to consider this question in an interlocutory appeal.
 
 
 5
 DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3